# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

SHARON CURTIS on behalf of )
C.D.C., a minor, )
                                                 )
             Plaintiff, )
                                                 )
v. ) Case No. CIV-14-200-KEW
                                                 )
CAROLYN W. COLVIN, Acting )
Commissioner of Social )
Security Administration, )
                                                 )
             Defendant. )

## OPINION AND ORDER

Plaintiff Sharon Curtis ("Plaintiff"), on behalf of the minor child, C.D.C. ("Claimant") requests judicial review of the decision of the Commissioner of the Social Security Administration (the "Commissioner") denying Claimant's application for disability benefits under the Social Security Act. Plaintiff appeals the decision of the Administrative Law Judge ("ALJ") and asserts that the Commissioner erred because the ALJ incorrectly determined that Claimant was not disabled. For the reasons discussed below, it is the finding of this Court that the Commissioner's decision should be and is REVERSED and REMANDED for further proceedings.

**Social Security Law and Standard of Review**

Disability for persons under the age of 18 is defined by the Social Security Act as the "a medically determinable physical or mental impairment or combination of impairments that causes marked

and severe functional limitations, and that can be expected to cause death or that has lasted or can be expected to last for a continuous period of not less than 12 months." 20 C.F.R. § 416.906. Social Security regulations implement a three-step sequential process to evaluate a claim for Child's Supplemental Security Income Benefits under Title XVI of the Social Security Act. See, 20 C.F.R. § 416.924.[1]

Judicial review of the Commissioner's determination is limited in scope by 42 U.S.C. § 405(g). This Court's review is limited to two inquiries: first, whether the decision was supported by substantial evidence; and, second, whether the correct legal standards were applied. Hawkins v. Chater, 113 F.3d 1162, 1164 (10th Cir. 1997)(citation omitted). The term "substantial evidence" has been interpreted by the United States Supreme Court to require "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)). The court may not re-weigh the evidence nor substitute its

---

[1] At step one, a child will not be deemed disabled if he is working and such work constitutes substantial gainful activity. The regulations require the claimant to establish that he is not engaged in substantial gainful activity. At step two, a child will not be found disabled if he does not suffer from a medically determinable impairment that is severe. At step three, a child's impairment must meet a listing and must meet the duration requirement of 12 months. 20 C.F.R. § 416.924(b), (c) and (d).

discretion for that of the agency. Casias v. Secretary of Health & Human Servs., 933 F.2d 799, 800 (10th Cir. 1991). Nevertheless, the court must review the record as a whole, and the "substantiality of the evidence must take into account whatever in the record fairly detracts from its weight." Universal Camera Corp. v. NLRB, 340 U.S. 474, 488 (1951); *see also*, Casias, 933 F.2d at 800-01.

**Claimant's Background**

Claimant was born on May 5, 2001 and was 11 years old on the date the ALJ issued his decision. Claimant is alleged to have become disabled on December 1, 2004 due to attention deficit disorder with hyperactivity ("ADHD"), oppositional defiant disorder, depression, and insomnia.

**Procedural History**

On July 26, 2011, Claimant, through Plaintiff, protectively applied for Supplemental Security Income under Title XVI of the Social Security Act (42 U.S.C. § 1381 *et seq.*). Claimant's application for benefits was denied in its entirety initially and on reconsideration. On December 18, 2012, Plaintiff appeared at an administrative hearing in Tulsa, Oklahoma before Administrative Law Judge Deborah L. Rose (the "ALJ"). The ALJ issued an unfavorable decision on January 25, 2013. On March 24, 2014, the Appeals Council denied review of the ALJ's findings. Thus, the decision of the ALJ represents the Commissioner's final decision for purposes

of further appeal.  20 C.F.R. §§ 404.981, 416.1481.

**Decision of the Administrative Law Judge**

The ALJ made her decision at step three of the sequential evaluation.  She determined that Claimant's condition did not meet a listing and he had not been under a disability during the relevant period.

**Review**

Plaintiff asserts the ALJ committed error in (1) failing to perform a proper credibility determination; (2) failing to find Claimant's condition met or equaled a listed impairment; and (3) failing to consider all of the evidence of record in evaluating whether Claimant's impairments functionally equal a listing.

**Credibility Determination**

In her decision, the ALJ determined Claimant suffered from the severe impairment of ADHD.  (Tr. 23).  The ALJ also determined Claimant did not meet a listing or the equivalency of a listing, singly or in combination of his impairments.  Id.  The ALJ analyzed the six domains of functioning in light of Claimant's severe impairment.  He concluded Claimant had less than marked limitation in the areas of acquiring and using information, attending and completing tasks, interacting and relating to others, and caring for yourself.  He found no limitations in the areas of moving about and manipulating objects and health and physical well-being.  (Tr. 25-

29).

Plaintiff contends the ALJ engaged in an erroneous credibility analysis. The ALJ recited testimony from the hearing offered by Claimant, Plaintiff, and a questionnaire from Claimant's teacher. (Tr. 24-27, 29). The ALJ then stated the oft-used phrase

> After considering the evidence of record, I find that the claimant's medically determinable impairment could reasonably be expected to produce the alleged symptoms; however, the statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely credible for the reasons explained below.

(Tr. 24).

The problem with the ALJ's credibility analysis lies in the fact that she does not differentiate between the testimony from the three sources such that this Court may determine which testimony was found not credible and which was not. Such unsupported discounting of credibility without specific reference to the testimony and the evidence contradicting it is wholly unhelpful to the analysis and constitutes reversible error. Knight v. Colvin, 756 F.3d 1171, 1176 (10th Cir. 2014). Moreover, the promised "reasons explained below" never materialized in the following paragraphs of the decision.

It is well-established that "findings as to credibility should be closely and affirmatively linked to substantial evidence and not just a conclusion in the guise of findings." Kepler v. Chater, 68 F.3d 387, 391 (10th Cir. 1995). "Credibility determinations are

peculiarly in the province of the finder of fact" and, as such, will not be disturbed when supported by substantial evidence. Id.

Factors to be considered in assessing a claimant's credibility include (1) the individual's daily activities; (2) the location, duration, frequency, and intensity of the individual's pain or other symptoms; (3) factors that precipitate and aggravate the symptoms; (4) the type, dosage, effectiveness, and side effects of any medication the individual takes or has taken to alleviate pain or other symptoms; (5) treatment, other than medication, the individual receives or has received for relief of pain or other symptoms; (6) any measures other than treatment the individual uses or has used to relieve pain or other symptoms (e.g., lying flat on his or her back, standing for 15 to 20 minutes every hour, or sleeping on a board); and (7) any other factors concerning the individual's functional limitations and restrictions due to pain or other symptoms. Soc. Sec. R. 96-7p; 1996 WL 374186, 3.

An ALJ cannot satisfy his obligation to gauge a claimant's credibility by merely making conclusory findings and must give reasons for the determination based upon specific evidence. Kepler, 68 F.3d at 391. However, it must also be noted that the ALJ is not required to engage in a "formalistic factor-by-factor recitation of the evidence." Qualls v. Apfel, 206 F.3d 1368, 1372 (10th Cir. 2000).

On remand, the ALJ shall specifically analyze the testimony of each testifying party and perform the required credibility evaluation. Should the ALJ maintain that testimony is not credible, she shall affirmatively link the evidence supporting the finding to the particular testimony offered.

### Consideration of a Listing

Claimant contends the ALJ did not consider Listing § 112.11 on ADHD after finding Claimant has a severe impairment for this condition. Again, the ALJ utilized boilerplate language to reject the contention that Claimant's condition met or equaled a listing without accompanying the language with support. (Tr. 23). Listing § 112.11 requires satisfaction of the paragraph A criteria with medically documented findings on the three areas of marked inattention, marked impulsiveness, and marked hyperactivity. 20 C.F.R. Part 404, Subpt. P, App. 1 § 112.11.

Once the paragraph A criteria have been show, the paragraph B criteria requires a showing of marked impairment of age-appropriate cognitive/communicative function, marked impairment in age-appropriate social functioning, marked impairment in age-appropriate personal functioning, and marked difficulties in maintaining concentration, persistence, or pace. 20 C.F.R. Part 404, Subpt. P, App. 1 § 112.02B2. On remand, the ALJ shall specifically consider this listing since it represents the single severe impairment which

7

she found.

**Consideration of the Totality of the Medical Evidence**

Claimant also asserts the ALJ failed to consider all evidence in determining that he did not satisfy the six functional equivalence domains. To functionally equal a listing, a claimant's impairment or combination of impairments must result in "marked" limitations in at least two of the six domains of functioning, or in "extreme" limitation in at least one domain. 20 C.F.R. §§ 416.926a(a), (g)-(l).

While Claimant finds error in the ALJ's analysis of all of the six domain areas, this Court takes particular note of two domains which are of concern. The domain of Acquiring and Using Information involves the ability "to learn to read, write, do arithmetic, and understand and use new information." 20 C.F.R. § 416.926a(g)(1)(i). Claimant has demonstrated problems with his speech which includes "delayed" speech which has required speech therapy. (Tr. 144, 153, 220, 226, 231, 238, 242). Relevant to this analysis, this domain includes the ability "to use language to think about the world and to understand others and express yourself; e.g., to follow directions, ask for information, or explain something." Id. § 416.926a(g)(1)(ii). On remand, the ALJ shall consider the effect of Claimant's apparent speech impediment upon the domain of Acquiring and Using Information.

Claimant also has demonstrated problems in Interacting and Relating to Others. Claimant has few friends, threatened to harm a child at school, interrupts others, angers, gets into trouble with his teachers, and particularly does not get along with adults. (Tr. 148, 232-33, 238, 241). Claimant's speech problems may bear on this domain as well. The ALJ shall reassess whether Claimant has a marked limitation in this domain. This Court's focus upon these two domains should not preclude the ALJ from re-examining his findings on the other four functional domains.

## Conclusion

The decision of the Commissioner is not supported by substantial evidence and the correct legal standards were not applied. Therefore, this Court finds, in accordance with the fourth sentence of 42 U.S.C. § 405(g), the ruling of the Commissioner of Social Security Administration should be and is **REVERSED and the matter REMANDED** for further proceedings consistent with this Opinion and Order.

DATED this 29th day of September, 2015.

_____
KIMBERLY E. WEST
UNITED STATES MAGISTRATE JUDGE

9