# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| SHARON CURTIS, on behalf of C.D.C., a minor, | )<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | ) Case No. CIV-14-200-KEW<br>) |
| CAROLYN W. COLVIN, Acting Commissioner of Social Security Administration, | )<br>)<br>)<br>) |
| Defendant. | ) |

## OPINION AND ORDER

This matter comes before the Court on Plaintiff's Motion for Award of Attorney Fees Pursuant to the Equal Access to Justice Act (Docket Entry #23) and Plaintiff's Supplemental Motion for Award of Attorney Fees Pursuant to the Equal Access to Justice Act (Docket Entry #26). By Order and Opinion entered September 29, 2015, this Court reversed the decision of the Commissioner to deny Plaintiff's application for Child's Supplemental Security Income under Title XVI of the Social Security Act and remanded the case for further proceedings.

In the Motion, Plaintiff seeks attorney's fees for 25.90 hours of time expended by her attorney at the stipulated fee rate for a total request of $4,901.80 under the authority of the Equal Access to Justice Act ("EAJA"). Because Plaintiff filed a reply to the first Motion, she filed a supplemental fee motion seeking an additional $676.80 for 3.60 hours expended in preparing the reply. The Commissioner contests the award of EAJA fees, contending her position in the underlying case was substantially justified.

EAJA provides that a prevailing party other than the United States shall be awarded fees and costs unless the court finds the position of the United States was substantially justified or that special circumstances make an award unjust. 28 U.S.C. § 2412(d)(1)(A). With respect to EAJA applications in Social Security cases, Defendant has the burden of showing that her position was substantially justified. Hadden v. Bowen, 851 F.2d 1266, 1267 (10th Cir. 1988). Defendant must prove that, even if her position is incorrect, her case had a reasonable basis in law and in fact. Id. To establish substantial justification, Defendant must show that there is a genuine dispute and that reasonable people could differ concerning the propriety of a particular agency action. Pierce v. Underwood, 487 U.S. 552, 565 (1987). The government's "position can be justified even though it is not correct . . . and it can be substantially (i.e., for the most part) justified if a reasonable person could think it correct . . ." Id. at 566 n.2.

Clearly, Plaintiff constituted the prevailing party in accordance with this Court's decision. The Commissioner states that the ALJ cited to specific evidence supporting his credibility findings and properly evaluated Claimant's credibility, thereby making the government's position substantially justified. This Court noted that the ALJ provided a boilerplate explanation of his credibility findings and did not proceed through the appropriate analysis of Claimant's credibility. It is impossible for this Court to now conclude that the Commissioner's position was substantially

justified when the decision did not have a reasonable basis in fact or law.

Similarly, this Court concluded that the ALJ did not properly analyze all of the six domain areas in evaluating whether Claimant met Listing § 112.11.  Again, this failure is directly contrary to the requirements under the law and cannot be considered substantially justified. Consequently, Plaintiff is entitled to the attorney fees expended in the preparation of the briefing in the case and in the filing of a reply.

IT IS THEREFORE ORDERED that Plaintiff's Motion for Award of Attorney Fees Pursuant to the Equal Access to Justice Act (Docket Entry #23) and Plaintiff's Supplemental Motion for Award of Attorney Fees Pursuant to the Equal Access to Justice Act (Docket Entry #26) are **GRANTED** and that the Government be ordered to pay Plaintiff's attorney's fees in the total amount of $5,578.60.  In accordance with the ruling of the Tenth Circuit Court of Appeals, the award shall be made to Plaintiff as the prevailing party and not directly to Plaintiff's counsel. Manning v. Astrue, 510 F.3d 1246, 1255 (10th Cir. 2007); 28 U.S.C. § 2412(b).  In addition, should Plaintiff's counsel ultimately be awarded attorney's fees pursuant to 42 U.S.C. § 406(b)(1), counsel shall refund the smaller amount to Plaintiff.  Weakley v. Bowen, 803 F.2d 575, 580 (10th Cir. 1986).

IT IS SO ORDERED this 5th day of April, 2016.

_____
KIMBERLY E. WEST
UNITED STATES MAGISTRATE JUDGE